# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| KELLY KRAJECK AND MOLLY RHYNE, ) | C.A. NO. 2:18-cv-02882-DCN |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| vs. ) | |
| ) | |
| R. CHAMBERLAIN CHESNUT, BOTH ) | |
| INDIVIDUALLY AND AS OWNER/ ) | |
| OPERATOR OF THREE HUNDRED ) | |
| SEVENTY-THREE (373) HUGER, LLC, R. ) | |
| CHAMBERLAIN CHESNUT, II, BOTH ) | |
| INDIVIDUALLY AS AGENT/EMPLOYEE ) | |
| OF O'SHAUGHNESSY REAL ESTATE, ) | |
| INC. D/B/A CAROLINA ONE REAL ) | **NOTICE OF REMOVAL** |
| ESTATE, O'SHAUGHNESSY REAL ) | |
| ESTATE, INC. D/B/A CAROLINA ONE ) | |
| REAL ESTATE, RAJIV GUPTA, BOTH ) | |
| INDIVIDUALLY AND AS OWNER/ ) | |
| OPERATOR OF R-K ASSOCIATES, LLC ) | |
| D/B/A RK ENGINEERS AND BUILDERS, ) | |
| R-K ASSOCIATES, LLC D/B/A RK ) | |
| ENGINEERS AND BUILDERS, THREE ) | |
| HUNDRED SEVENTY-THREE (373) ) | |
| HUGER, LLC, BOTH INDIVIDUALLY ) | |
| AND D/B/A CHESNUT COURT, AND ) | |
| CITY OF CHARLESTON, ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

Pursuant to 28 U.S.C. § 1441, Defendant City of Charleston ("City"), hereby removes the above-captioned lawsuit from the Court of Common Pleas for Charleston County, South Carolina, in which it currently is pending, to the United States District Court for the District of South Carolina, Charleston Division. As grounds for the removal of this case, City states as follows:

1

**Background**

1. On September 5, 2018, Plaintiffs Kelly Krajeck and Molly Rhyne filed a Complaint in Case No. 2018-CP-10-4374 in the Court of Common Pleas, Ninth Judicial Circuit, County of Charleston, South Carolina (the "State Court Action"), seeking damages for alleged negligence, inverse condemnation, violation of S.C. Code Ann. § 5-31-450, fraud and/or misrepresentation, breach of contract, and constructive fraud.

2. The City is a municipality located within Charleston County, South Carolina and a political subdivision as defined by S.C. Code Ann. § 15-78-30(h). The City is responsible for issuing building permits for real property located within its municipal borders.

3. Plaintiffs served the City with the Summons and Complaint of the State Court Action on September 26, 2018.

4. On October 19, 2018, Defendant O'Shaughnessy Real Estate, Inc. d/b/a Carolina One Real Estate ("O'Shaughnessy") and Defendant Chamberlin Chestnut, as Agent of O'Shaughnessy Real Estate, Inc. d/b/a Carolina One Real Estate ("Chestnut") answered Plaintiffs Complaint. Defendants O'Shaughnessy and Chestnut consent to this matter being removed.

**Basis for Removal**

5. This case is removable pursuant to the general removal statute, 28 U.S.C. § 1441(b), which provides in part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treatise or laws of the Unites States shall be removable without removable without regard to the citizenship or residence of the parties."

6. Pursuant to 28 U.S.C. § 1331, the district courts have original jurisdiction of all actions arising under the Constitution, treatise or laws of the Unites States.

7. Plaintiffs alleged that they suffered an unlawful taking as a result of certain acts or omission of the City and have not been compensated for such taking. As such, Plaintiffs allege that the City has violated their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

8. Because the causes of action for negligence and violation of S.C. Code Ann. § 5-31-450 were joined with the takings cause of action, a cause of action within the jurisdiction conferred by 28 U.S.C. § 1331, the entire State Court Action is removable pursuant to 28 U.S.C. § 1441(c).

9. Pursuant to 28 U.S.C. § 1367(a), the district courts have supplemental jurisdiction over the causes of action for negligence and violation of S.C. Code Ann. § 5-31-450 as these claims are so related to the takings claim that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)-(c) and Local Rule 3.01 in the District of South Carolina, Charleston Division, as the City is subject to jurisdiction in Charleston County and does business related to the events alleged in the State Party Action in Charleston County. Further, a substantial part of the events and omission giving rise to the State Party Action occurred within Charleston County.

11. The instant Notice of Removal is being brought within the 30-day period to respond to the Summons and Complaint of the State Court Action, which was filed on September 5, 2018 and served on the City on September 26, 2018.

12. The City certifies that it has on this date given written notice of this filing to Plaintiffs' attorney and has filed a copy of this Notice with the Clerk of the Court of Common Pleas of Charleston County, in accordance with 28 U.S.C. § 1446 and Local Rule 83.IV.01.

13. True and correct copies of all process, pleadings, and other documents previously filed in the State Court Action are attached to this Notice of Removal as Exhibit "A," as required by 28 U.S.C. § 1446(a).

14. This notice is signed pursuant to Federal Rule of Civil Procedure 11, in accordance with 28 U.S.C. § 1446(a).

Respectfully Submitted,

YOUNG CLEMENT RIVERS, LLP

By: s/ Catherine H. Chase
Stephen L. Brown     (Federal ID No. 66468)
Catherine H. Chase   (Federal ID No. 10153)
25 Calhoun Street, Suite 400, Charleston, SC 29401
P.O. Box 993, Charleston, SC  29402
Telephone: (843) 720-5488
E-mail:  sbrown@ycrlaw.com
E-mail:  cchase@ycrlaw.com
*Attorneys for City of Charleston*

Charleston, South Carolina

Dated: October 24, 2018